SMITH *v.* STATE..

[83 South. 337, In Banc. No. 28031.]

ANIMALS. *Defective indictment charging alteration of brand.*

> An indictment under Code 1906, section 1054 (Hemingway's Code,
> section 782), charging the alteration or defacement of the mark.
> or brand of an animal, is fatally defective where it does not
> charge that the mark or brand alterated by the defendant was
> intended to designate ownership of the animal.

APPEAL from the Circuit Court of Perry County.
HON. R. S. HALL, Judge.

John C. Smith was convicted of knowingly altering
and defacing the brand or mark of an animal and ap-
peals.

Section 1054, Code of 1906 (section 782, Heming-
way's Code), referred to in the opinion, is as follows:
"If any person shall knowingly alter or deface the
brand or mark of any animal, intended to designate
ownership, the property of another, without his con-
sent, and with intent to deprive the owner of his prop-
erty, he shall, on conviction, suffer the same penalty
mentioned in the last section."

The indictment referred to in the opinion is in the
following words:

"The grand jurors for the state of Mississippi, elected, impaneled, sworn, and charged, in and for Perry county, state aforesaid, in the name and by the authority of the said state of Mississippi, upon their oath, present that John C. Smith, on the 9th day of October, 1917, in Perry county aforesaid, two hogs, of the value of six dollars, and of the property of Luther Fillingame, then and there being found, did unlawfully and feloniously take, steal, and carry away, against the peace and dignity of the state of Mississippi.

*Currie & Currie,* for appellant.

We submit that the action of the lower court in overruling the demurrer and putting the appellant to trial under this pretended indictment was a denial to the appellant of his constitutional rights under articles five and six in amendments to the constitution of the United States. We do not copy herein the full text of these two articles of the constitution but refer the court to them, and from article five quote the following: "Nor be deprived of life, liberty or property, without due process of law."

In this case the very foundation and beginning, the very center of due process of law was and is an indictment charging the defendant with the offense created by the statute. This cannot be successfully disputed.

From article six we quote the following: "And to be informed of the nature and cause of the accusation." The indictment in this case, it is clear, did not inform the appellant of the nature and cause of the accusation, on the contrary it has already been pointed out the indictment omitted and did not charge the very essence of the offense to wit; that the mark or brand which it is alleged the appellant altered was a mark or brand intended to designate ownership.

Reading these two constitutional provisions in connection with the indictment and section 1054 under which the indictment was drawn it is rendered self evident that the appellant was deprived of his liberty without due process of law, and this being true the duty of the court not only to reverse but to dismiss the case is apparent. The demurrer in this case was timely filed, was argued in the court below in due course in the trial of the case and should have been sustained but was erroneously overruled.

Another reason why it became the duty of the court not only to reverse but to dismiss the case is because the indictment can never be amended. A new indictment is and would be necessary to put the appellant to trial. The material element of the offense defined in said section 1954 is not alleged in the indictment as has already been pointed out.

In the case of *Kline* v. *State,* 44 Miss. 317, it was held by this court that if a material element of the crime or a necessary negative be omitted, the indictment cannot, by authority of the statute (section 1508, Code 1906), be amended so as to cure the defect.

In the case of *Kline* v. *State,* it is said the indictment omitted to negative the exception by inserting the words "not being a druggist or an apothecary" as contained in the enacting clause of the statute. This negation being material, the statute does not authorize the court at a subsequent term to allow an amendment by inserting the words of the exception.

In the case of *Sherman Blumenberg* v. *State,* 55 Miss. 528, the court held that indentity of name is not essential, and amendment can be made therein; but identity of the offense and of the person is essential, and cannot be amended.

In the case at bar the words of the statute "intended to designate ownership" not only identify the offense but constitute and are an essential element of the

offense. We therefore submit that there could be no amendment of the indictment in this case.

But suppose it is argued by the state that the indictment can be amended, we make this reply: 1. The state waived its right to amend the indictment before putting the appellant to trial thereunder in the .lower court after the demurrer was filed pointing out this fundamental and fatal defect in the indictment. 2. The state proceeded without amending the indictment or asking leave of the court so to do, to put the appellant to trial on the merits under this indictment.not charging one of the essential and indispensible elements of the offense, and thereby stated its case.

We submit that any amendment which is necessary and which can by law be made ought to be made timely, and especially in a criminal prosecution for such a prosecution touches and affects not only the property but the life and liberty of the accused. And especially in a case like this where the fatal defect in the indictment is pointed out and argued, to the court in a demurrer and under a plain, simple, unambiguous statute such as section 1054, Code of Mississippi, 1906, under which the indictment challenged was drawn. But we reassert that by law there can be no amendment of the indictment in this case.

Section 1508 of Code of Mississippi 1906, does not authorize the amendment of an indictment so as to change an essential element of the offense which has been omitted.

The court will bear in mind that the offense with which the appellant was intended to be charged is a statutory offense. The statute therefore, alone must be looked to for its own definition of the offense created by it. The essential elements of a statutory offense are to be found in the statute creating it. All criminal statutes are strictly construed, and an indictment drawn under a criminal statute seeking ·to

punish an alleged offense created under a statute must follow strictly the language or plead it substantially. This is as broad a statement of the law as the state is entitled to and goes as far as the court can possibly go in considering the question of the sufficiency of the indictment in this case. The court will look in vain for any allegation or pretended allegation in the indictment in this case which alleges or pretends to allege that the mark or brand upon the animal which it is alleged the appellant altered was a mark or brand put upon the animal "intended to designate ownership," and it is useless to add that these essential words or this essential allegation in the indictment cannot be supplied by construction, interpolation or implication. It stands outside of the indictment. It can never, by any law in this state, be gotten into by amendment or otherwise, and we submit that the omission being fatal and fundamental, it is the right of the appellant under the law to seek both and to obtain both the reversal and dismissal of the case.

*Walter Dent,* Assistant Attorney-General, for the state.

The appellant demurred to this indictment on the ground and for the reason that the indictment does not charge that the alleged alteration of said mark of said sheep was an alteration of a mark intended to designate ownership. This demurrer was by the court overruled. The action of the court in overruling this demurrer is assigned as error. The indictment, we submit, would have been in better form if it had charged, to wit: "That Trav and Hub Cooley, on the third day of February, 1919, and for a long time prior thereto were the owners of a certain animal, to wit: a sheep and that they, the said Trav and Hub Cooley, did mark said sheep in its ears, intending thereby to

designate by reason of said mark aforesaid that they, the said Trav and Hub Cooley, were then and there the owners of said sheep so marked aforesaid; that after said sheep had been so marked as aforesaid by the owners thereof as aforesaid, for the purpose aforesaid by John C. Smith, knowingly and feloniously, on or about the third day of February, 1919, without the consent of the said owners of said sheep aforesaid and with felonious intent then and there to deprive the said owners of said sheep, did alter the said mark in the ears of said sheep then and there owned and marked aforesaid by the owners aforesaid, for the purposes aforesaid, against the peace and dignity, etc.''

The indictment in the case at bar is not as full as we think it ought to be, but after a careful reading of the statute under which it was drawn, together with the indictment we are inclined to believe that it substantially charges the offense as defined by the statute.

The indictment in part says: ''John Smith . . . altered the mark . . . intended thereby to designate ownership of the said property, not that of the owners. We submit that the clause ''not that of the owners'' in the indictment cures the error complained of and that the court committed no error in overruling the demurrer.

We submit that the court committed no error in giving instruction No. 1, for the state, if the court was correct in overruling the demurrer to the indictment. Instruction No. 2 is the law of the land given by the court for the state.

After carefully reading the record as a whole, we do not see how the jury could have reached any other conclusion except than that it did reach, to wit, in bringing in a verdict of guilty.

We submit that the case should be affirmed.

SMITH, C. J., delivered the opinion of the court.

The appellant was convicted for a violation of section 1054, Code of 1906 (section 782, Hemingway's Code); but the indictment on which he was tried is fatally defective, for the reason that it fails to charge that the mark altered by him was "intended to designate ownership." Consequently the demurrer thereto should have been sustained.

*Reversed and remanded.*